UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICHAEL BENJAMIN,

                    Petitioner,

-vs-                                                          Case No.  8:04-cv-2422-T-17TGW

JAMES V. CROSBY, JR.,

                    Respondent.
_____

## **ORDER**

This case is on remand from the United States Court of Appeals for the Eleventh

Circuit for consideration of Petitioner Michael Benjamin's claims.  This Court previously

dismissed the petition as insufficient.

Benjamin, a Florida prisoner, filed a pro se 28 U.S.C. § 2254 petition for writ of

habeas corpus challenging his state judgments of conviction for aggravated assault on a

law enforcement officer and felony fleeing and eluding an officer arising out of the Sixth

Judicial Circuit, Pinellas County, Florida , in case no. 99-20833CFANO.

BACKGROUND

On February 3, 2000, Michael Benjamin was charged in case no. 99-20833CFANO

with aggravated assault on a law enforcement officer, felony fleeing and eluding an officer,

and driving without a valid driver's license. Represented by court-appointed counsel, Benjamin proceeded to jury trial and was found guilty as charged. Dkt. 1 at 2. He was adjudicated guilty in accordance with the verdicts and sentenced to 15 years incarceration as a prison releasee reoffender for the aggravated assault on a law enforcement officer. A concurrent prison term of five years was imposed on the felony fleeing count. He was sentenced to time served on the misdemeanor charge.[1]

Benjamin appealed his state judgment, urging error in denial of his motion for judgment of acquittal on the aggravated assault count. On March 6, 2002, the state district court of appeal per curiam affirmed in case no. 2D01-936. Benjamin v. State, 814 So.2d 1037 (Fla. App. 2 Dist. 2002)[table]. Benjamin did not seek certiorari review in the United States Supreme Court.

Benjamin filed a pro se motion for postconviction relief dated April 4, 2003, pursuant to Florida Rule of Criminal Procedure, raising ten claims. Dkt. 1 at 3. By nonfinal order rendered May 12, 2003, the state trial court summarily denied seven claims and directed the state to respond to the remaining claims. Following the state's response and Benjamin's reply, an evidentiary hearing was held October 24, 2003, at the conclusion of which the state trial court orally denied Benjamin's rule 3.850 motion. A final denial was rendered October 30, 2003. Benjamin appealed, and following briefing, on September 22, 2004, the state district court of appeal per curiam affirmed the denial of rule 3.850 relief in case no. 2D03-5614. Dkt. 1 at 3. Benjamin v. State, 2004 Fla. App. LEXIS 13824 (Fla. App. 2 Dist. Sept. 22, 2004)[no table available]. The mandate issued October 19, 2004.

---

[1] Benjamin is not in custody on the misdemeanor charge.

Benjamin signed his pro se petition for writ of habeas corpus on November 2, 2004, pursuant.  The Petition is timely.

STANDARDS OF REVIEW

Under 28 U.S.C. § 2254(d) and (e) as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), this court's review of the state court's factual findings must be highly deferential. Such findings are presumed to be correct unless rebutted by clear and convincing evidence. Similarly, the state courts' resolutions of issues of law-including constitutional issues-must be accepted unless they are found to be "contrary to" clearly established precedent of the Supreme Court of the United States or involved an "unreasonable application" of such precedent. Williams v. Taylor, 529 U.S. 362 (2000). Indeed, it is not enough that the federal courts believe that the state court was wrong; it must be demonstrated that the state court decision was "objectively unreasonable." Id. Breedlove v. Moore, 279 F.3d 952 (11th Cir. 2002).

Ineffective Assistance of Counsel Standard

To have a facially valid claim in alleging ineffective assistance of counsel, a Petitioner must meet the two-part test set forth in Strickland v. Washington, 466 U.S. 668 (1984).  Strickland's two-part test requires a Petitioner to demonstrate that counsel's performance was deficient and "there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. However, if a claim fails to satisfy the prejudice component, the court need not make a ruling on the performance component.

DISCUSSION

After a review of the records, the Court has determined that, for the following reasons, the petition must be **DENIED.**

Ground One

Benjamin, pointing to his motion for judgment of acquittal, contends the evidence adduced by the state was insufficient to prove his aggravated assault charge. Dkt. 1 at 8(G) In seeking an acquittal at the close of the state's case, Benjamin's trial counsel, citing state law, urged that the state's evidence did not prove the intent element of aggravated assault. Resp. Ex. 1, V 2 T 169.[2] On appeal, Benjamin similarly advanced state law arguments in support of his claim of error in denial of the acquittal motion. Resp. Ex. 2. Subject matter jurisdiction does not lie to review Benjamin's state law-based arguments.

Under Florida law, the trial court should not grant a motion for judgment of acquittal unless the evidence is such that no view which the jury may lawfully take of it favorable to the opposite party can be sustained under the law. Lynch v. State, 293 So.2d 44, 45 (Fla. 1974).[3]  In "moving for a judgment of acquittal, a defendant in Florida admits not only the facts stated in the evidence, but also every reasonable conclusion favorable to the state that the trier of fact might fairly infer from the evidence. Sutton v. State, 834 So.2d 332, 334 (Fla. 5th DCA 2003). The rule is firmly entrenched that "[i]f, after viewing the evidence in the light most favorable to the State, a rational trier of fact could find the existence of the

---

[2] The transcript page numbers appear at the upper right hand corner of the page.

[3] In a circumstantial evidence case, "the sole function of the Florida trial court ... is to determine whether there is a prima facie inconsistency between (a) the evidence, viewed in the light most favorable to the State and (b) the defense theory or theories. If there is such inconsistency, then the question is for the finder of fact to resolve." Gore v. State, 784 So. 2d 418 (Fla. 2001).

elements of the crime beyond a reasonable doubt, sufficient evidence exists to sustain a conviction." <u>Pagan v. State</u>, 830 So.2d 792, 803 (Fla. 2002).

Determination of whether the state's evidence is legally sufficient to establish a prima facie case in an aggravated assault prosecution such as Benjamin's, so as to survive an acquittal motion, are matters solely within the province of the Florida courts. Issues which present nothing more than issues of pure state law are wholly immune from federal habeas review. <u>Francois v. Wainwright</u>, 741 F.2d 1275, 1281 (11th Cir. 1984). Because Benjamin's ground is formed from claims of error of state law, ground one is not cognizable on habeas review. <u>Estelle v. McGuire</u>, 502 U.S. 62, 68 (1991).

Federal courts hold no supervisory authority over state judicial proceedings and can interfere only to correct errors of constitutional dimension. <u>Smith v. Davis</u>, 455 U.S. 209 (1982). Even when a petition which actually involves state law issues is "couched in terms of equal protection and due process," this limitation on federal habeas corpus review is of equal force. <u>Branan v. Booth</u>, 861 F.2d 1507, 1508 (11th Cir. 1988)(quoting <u>Willeford v. Estelle</u>, 538 F.2d 1194, 1196-98 (5th Cir. 1976).

In contrast to a state-law-based challenge to denial of a Fla.R.Crim.P. 3.380 motion for acquittal, a claim that evidence in support of a Florida conviction was not sufficient to allow a rational trier of fact to find guilt beyond a reasonable doubt presents a federal constitutional claim. <u>Jackson v. Virginia</u>, 443 U.S. 307, 321 (1979). Thus, assuming that state remedies have been exhausted, 28 U.S.C. § 2254(b), and that no independent and adequate state ground stands as a bar, such a claim is cognizable in a federal habeas corpus proceeding. <u>Jackson, supra</u>.

In Benjamin's case, he did not present fairly present the constitutional dimension of his denial-of-acquittal issue to the state courts in a timely manner at trial and on direct appeal. Neither his arguments in the quest for acquittal at trial, nor his arguments on appeal alerted the state courts to the federal nature of his claim.

The petitioner must "fairly present" his claims to the state's highest court in a procedurally appropriate manner. O'Sullivan v. Boerckel, 526 U.S. 838, 848 (1999). Such explicit fair presentation must be made not only to the trial or post-conviction court, but to the state's highest court. Baldwin v. Reese, 541 U.S. 27 (2004). Benjamin's state law arguments at trial and on appeal regarding the state's proof did not suffice to present a federal constitutional claim. See Ebanks v. Florida Attorney General, 2005 U.S. Dist. LEXIS 35442 (D. Fla. Dec. 15, 2005)(state prisoner's claim trial court erred by denying his motion for judgment of acquittal was unexhausted and procedurally defaulted.

If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the Constitution. Isaacs v. Head, 300 F.3d 1232, 1254 (11th Cir. 2001). If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court. Id. (citing Duncan v. Henry, 513 U.S. 364, 365-66 (1995).

Dismissal of a petition for failure to exhaust state remedies is not appropriate if the claim which the petitioner failed to present to the state court would now be procedurally barred under state law. Coleman v. Thompson, 501 U.S. 722 (1991). Federal courts are

precluded from addressing claims that have been held to be procedurally defaulted under state law. In addition, federal courts may not address claims that have not been presented in state court if the state court would have found the claims to be procedurally defaulted. Tower v. Phillips, 7 F.3d 206, 210 (11th Cir. 1993).

The constitutional dimension of Benjamin's issue regarding denial of his acquittal motion could have, if at all, have been raised at trial and then on direct appeal. E.g., Brant v. State, 817 So.2d 1039 (Fla. 3rd DCA 2002)(denial of defense motions for acquittal of possession with intent to sell and aggravated assault on law enforcement not cognizable under rule 3.850); Jackson v. State, 640 So. 2d 1173, 1174 (Fla. 2d DCA 1994)(insufficiency of evidence claims are not cognizable in postconviction proceedings); Savage v. State, 832 So.2d 807, 808 (Fla. 2d DCA 2002)(movant's claim that trial court lacked jurisdiction to enter burglary conviction and sentence because defendant established his affirmative defense that structure was open to the public was direct appeal issue and not cognizable in a rule 3.850 proceeding).

This Circuit has long recognized this aspect of Florida law. Sullivan v. Wainwright, 695 F.2d 1306, 1310 (11th Cir.)(claims that could have been or should have been preserved at trial and then raised on direct appeal and were not are procedurally barred), cert. denied, 464 U.S. 922 (1983); Harmon v. Barton, 894 F.2d 1268, 1270 (11th Cir.), cert. denied, 111 S. Ct. 96 (1990)(under state law, an issue which could have been raised on direct appeal may not be reviewed in a rule 3.850 motion).

Claims that are unexhausted and procedurally defaulted in state court are not reviewable by this Court unless the petitioner can demonstrate cause for the default and

actual prejudice as a result of the alleged violation or that failure to consider such allegations will result in a fundamental miscarriage of justice. Id.; Wainwright v. Sykes, 433 U.S. 72 (1977). The petitioner must present his allegations of cause to excuse a clear procedural bar in state court. Murray v. Carrier, 477 U.S. 478, 488 (1986). Cause must ordinarily be something external to the defense. Marek v. Singletary, 62 F.3d 1295, 1302 (11th Cir. 1995). To show prejudice, he must show "not merely that the errors at his trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." United States v. Frady, 456 U.S. 152, 170 (1982).

Benjamin has not presented cause in the state courts for his default of a federal challenge to the denial of his acquittal motion. Any cause allegation is now procedurally barred by the two-year limitation of rule 3.850, see Whiddon v. Dugger, 894 F.2d 1266 (11th Cir.)(recognizing and applying two-year bar of rule 3.850), cert. denied, 498 U.S. 834 (1990), and also the state's successive petition doctrine. See Ziegler v. State, 632 So.2d 48, 51 (Fla. 1993).

Even if Benjamin could show valid cause, he cannot show actual prejudice. His ground is formed on state law arguments rejected by the Florida courts. He is left with Jackson v. Virginia, 443 U.S. 307 (1979), the applicable standard of review of the sufficiency of evidence of his guilt, from which, viewed in the light most favorable to the state, his jury could freely conclude beyond a reasonable doubt the elements of his offense were proven.

The state's evidence established that Benjamin, traveling at speeds up to approximately 90 miles per hour, twice swerved his car directly toward the officer's marked patrol cruiser, forcing the officer to take evasive action on both occasions. When Benjamin first veered toward the deputy's marked cruiser, he forced the deputy next to a concrete wall along side the Bay Side Bridge. After crossing the bridge, Benjamin again veered his car toward the officer, this time forcing the officer off the paved road. It is objectively reasonable to conclude the state's evidence, upon evaluation under <u>Jackson v. Virginia</u>'s test, was sufficient for the jury to conclude Benjamin acted with the required intent.

Benjamin does not meet the fundamental miscarriage of justice exception. He does not raise a colorable claim of actual innocence. <u>House v. Bell</u>, 126 S.Ct. 2064 (2006); <u>Schlup v. Delo</u>, 513 U.S. 298, 321 (1995).

Therefore, ground one will be denied;  this Court does not have subject matter jurisdiction over the state law arguments and, alternatively, the claim is procedurally barred.

Furthermore, on the merits, Benjamin does not make out the required showing under the AEDPA.  In Florida, "assault" is "an intentional, unlawful threat by word or act to do violence to the person of another, coupled with an apparent ability to do so, and doing some act which creates a well-founded fear in such other person that such violence is imminent." § 784.011, Fla. Stat. (1999). "Aggravated assault" is a third-degree felony defined in pertinent part as an assault "with a deadly weapon without intent to kill." § 784.021(1)(a), Fla. Stat. (1999). Under the statute, no contact is necessary.

The state decision in Benjamin's case settles that the state presented sufficient evidence to establish that Benjamin intentionally and unlawfully threatened, either by word

or act, to do violence to the law enforcement officer, as a matter of state law so as to survive a motion for acquittal. The Florida courts are "the ultimate expositors of state law." Mullaney v. Wilbur, 421 U.S. 684, 691 (1975)(citations omitted).

Ground one withstands constitutional scrutiny. To satisfy the constitutional requirement of due process in a criminal trial, the state must prove beyond a reasonable doubt every fact that constitutes an essential element of the crime charged against the defendant. In re Winship, 397 U.S. 358, 364 (1970). When reviewing the sufficiency of the evidence in a habeas proceeding governed by the AEDPA standards, the Court's limited inquiry is whether it is objectively reasonable to conclude the evidence presented, viewed in a light most favorable to the state, would have permitted any rational trier of fact to find the petitioner guilty of the crime charged beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. at 313; Johnson v. Alabama, 256 F.3d 1156, 1172 (11th Cir. 2001).

Although each element of the offense must be established beyond a reasonable doubt, Bishop v. Kelso, 914 F.2d 1468, 1470 (11th Cir. 1990) (citing Jackson, 443 U.S. at 316), the state is not required to rule out every hypothesis except that of the guilt of the defendant. Jackson, 443 U.S. at 326. The federal court will not reweigh the evidence. Jackson, 443 U.S. at 319. The trier of fact is responsible for fairly resolving conflicts in the testimony, weighing the evidence, and drawing reasonable inferences from basic facts to ultimate facts. Id. Although the facts as they exist in the record may support opposing inferences, a federal habeas corpus court must presume that the jury resolved such conflicts in favor of the prosecution and against Petitioner. See Heath v. Jones, 863 F.2d 815, 820 (11th Cir. 1989); Machin v. Wainwright, 758 F.2d 1431, 1435 (11th Cir. 1991). In

-10-

other words, the federal courts must defer to the judgment of the jury in assigning credibility to the witnesses and weighing the evidence. <u>Heath</u>, 863 F.2d at 820 (citing <u>Jackson, supra</u>, 443 U.S. at 326).

Benjamin contends the evidence was insufficient to show he intentionally and unlawfully threatened the deputy. However, it is objectively reasonable to reach the contrary conclusion that the state's evidence established Benjamin intentionally threatened the officer by his actions.

Corporal Nalven's testimony reveals that Benjamin, driving in excess of 80 m.p.h., twice veered his car into the deputy's lane and toward the deputy's cruiser. Benjamin forced the deputy to drive both onto the far right hand side of the bridge and then off the paved roadway. Benjamin came within a foot of the deputy's cruiser. (Resp. Ex. 1, V 2 T 103-107) Officer Nalven's testimony he was afraid, believing he was going to be struck by Benjamin's vehicle on both occasions was more than sufficient to establish he had a well-founded fear that the violence was imminent.

Benjamin's threatening acts were captured on videotape, which was introduced in evidence and shown to the jury. (Resp. Ex. 1, V 2 T131-135) The video confirmed, among other things, that Benjamin was able to weave in and out of other traffic, indicating that Benjamin was not having trouble maneuvering his car. This additional factor further served to show Benjamin's swerving toward the marked cruiser was intentional.

Benjamin contends the evidence only showed he drove recklessly. However, the state's evidence viewed in its favor, amply showed he intentionally and unlawfully drove the vehicle so as to threaten the deputy. Moreover, the mere fact evidence in a state

prosecution may give some support to a habeas petitioner's theory of innocence does not warrant the grant of habeas relief. <u>Conklin v. Schofield</u>, 366 F.3d 1191, 1200 (11th Cir. 2004). In Benjamin's case, viewing the evidence in the light most favorable to the prosecution, it is objectively reasonable to conclude the jury could have found the essential elements of aggravated assault beyond a reasonable doubt. <u>Jackson</u>, 443 U.S. at 319. Based on the state record, the state decision resulted in an objectively reasonable application of <u>Jackson</u> and its progeny.

Ground Two

Benjamin raises a number of claims of ineffective assistance of his successor retained counsel.  Asserting he retained counsel three days before trial, Benjamin faults his counsel for not seeking a continuance. This claim, although urged, in conclusory fashion, in his rule 3.850 motion, was waived as a result of Benjamin's failure to brief the issue on collateral appeal.

In Florida, exhaustion of rule 3.850 claims includes an appeal from its denial. <u>Leonard v. Wainwright</u>, 601 F.2d 807 (11th Cir. 1979). More particularly, when a rule 3.850 motion has been denied after an evidentiary hearing, the applicable rule provides a briefing schedule. See Rule 9.141(b)(3)(C). Pursuant to state procedural rules, a waiver of an issue results from submission of a brief without argument thereon in an appeal of an order denying relief after an evidentiary hearing. <u>See</u>, e.g., <u>Shere v. State</u>, 742 So.2d 215, 224 n.6 (Fla. 1999)("In a heading in his brief, Shere asserts that the trial court erred by summarily denying nineteen of the twenty-three claims raised in his 3.850 motion. However, for most of these claims, Shere did not present any argument or allege on what

-12-

grounds the trial court erred in denying these claims. We find that these claims are insufficiently presented for review."); see also, Duest v. Dugger, 555 So. 2d 849 (Fla. 1990)("Duest also seeks to raise eleven other claims by simply referring to arguments presented in his motion for postconviction relief. "The purpose of an appellate brief is to present arguments in support of the points on appeal. Merely making reference to arguments below without further elucidation does not suffice to preserve issues, and these claims are deemed to have been waived").

Benjamin's postconviction appeal was from a rule 3.850 order after an evidentiary hearing. Accordingly, he was obliged to file a brief upon appealing the denial of postconviction relief. He did not clearly present his claim of omission concerning the matter of a continuance to the state district court as a specific, independent basis for relief. Benjamin's election to argue other grounds which were the subject of the final rule 3.850 denial and forego specific argument on the summarily denied claim worked a procedural default of the first subclaim of ground two of his federal petition.

Benjamin cannot avoid his default because his pro se election in the collateral appeal is not external to the defense. Nor does he allege and meet the prejudice or fundamental miscarriage of justice exceptions to permit substantive review of his claim.

Even treating the claim as exhausted only to the extent alleged in his rule 3.850 motion will not improve Benjamin's claim. Benjamin alleges ineffective assistance of counsel, a difficult claim to sustain. "[T]he cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." Waters

v. Thomas, 46 F.3d 1506, 1511 (11th Cir. 1995) (en banc) (quoting Rogers v. Zant, 13 F.3d 384, 386 (11th Cir. 1994)).

There is a strong presumption that counsel provided reasonable assistance, and the petitioner bears the burden of overcoming the presumption that the challenged action might be considered sound trial strategy.  Strickland v. Washington, 466 U.S. 668, 689 (1984). Thus, "for a petitioner to show that the conduct was unreasonable, he must establish that no competent counsel would have taken the action that his counsel did take." Chandler v. United States, 218 F.3d 1305, 1315 (11th Cir. 2000)(en banc), cert. denied, 531 U.S. 1204 (2001).  Courts must avoid using hindsight and must endeavor to evaluate the reasonableness of counsel's performance from counsel's perspective at the time. Chandler, 218 F.3d at 1316 (quoting Strickland, 466 U.S. at 689).

The prejudice prong requires a showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Strickland, 466 U.S. at 687.  Strickland counsels that if a defendant fails to make a proper showing under one of the prongs, the court need not consider the other prong. Strickland, 466 U.S. at 697.

It is not enough to convince a federal habeas court that, in its independent judgment, the state-court decision applied Strickland incorrectly. He must show that the state court applied Strickland to the facts of his case in an objectively unreasonable manner." Bell v. Cone, 535 U.S. 685, 699 (2002).

In denying Benjamin's first rule 3.850 claim in which he complained his retained counsel did not seek a continuance, the postconviction court held the claim conclusory and speculative. In view of Benjamin's naked allegations, summary rejection of such on grounds

of facial insufficiency constitutes an objectively reasonable application of either prong of Strickland. Mere conclusory allegations in support of claims of ineffective assistance of counsel are insufficient, as a matter of law, to raise a constitutional issue. See Hill v. Lockhart, 474 U.S. 52 (1985)(general allegation of ineffective assistance of counsel is insufficient; petitioner must allege specific facts establishing both unreasonable-representation and prejudice prongs of ineffective assistance standard); see also Burnett v. Collins, 982 F.2d 922, 928 (5th Cir. 1993) (defendant bears the burden of proof on both prongs of the Strickland test).

The first subclaim of ground two also suffers facially, lacking sufficient fact-pleading that would meet both Strickland's prongs. See Tejada v. Dugger, 941 F.2d 1551, 1559 (11th Cir. 1991)(recognizing a petitioner is not entitled to habeas relief "when his claims are merely 'conclusory allegations unsupported by specifics' or 'contentions that in the face of the record are wholly incredible' ").[4] The subclaim cannot be "improved" by extra fact pleading not alleged within the same rule 3.850 claim on which Benjamin relies for exhaustion. If a petitioner asserts new allegations of ineffective assistance of counsel that were not timely and properly raised in state court, they may not be considered by this Court. Footman v. Singletary, 978 F.2d 1207, 1211 (11th Cir. 1992); Jackson v. Herring, 42 F.3d 1350, 1355 (11th Cir.), reh. denied, 51 F.3d 1052 (11th Cir. 1995).

---

[4] An application for relief pursuant to 28 U.S.C. 2254 requires fact pleading. Vague and conclusory claims failing to state facts which would show an entitlement to relief can be dismissed without further effort by the Court. Blackledge v. Allison, 431 U.S. 63 (1977).

Neither his rule 3.850 nor federal habeas allegations overcome the strong presumption that counsel's decision not to pursue a continuance was in the exercise of professional judgment. See Strickland, 466 U.S. at 690.

Nor did Benjamin plead sufficient facts which would show that had counsel sought a continuance, there was any reasonable probability of a different outcome. See e.g., McBride v. Sharpe, (petitioner's unsupported assertions about what further investigation could have revealed did not establish a reasonable probability that the result of his trial would have been different).

Moreover, counsel's evidentiary testimony on another ground reveals the trial judge was not agreeable to a continuance, and Benjamin made the decision to proceed with retained counsel. Resp. Ex. 6, V 2 T 222. As a result, Benjamin waived and abandoned, and/or is estopped to charge, any complaint relative to his counsel's proceeding to trial.

In subclaim two of ground two of the federal petition, Benjamin charges his counsel proceeded to trial without investigating his case. He proposes five claims of omission ("Subparts" A through E) within this subclaim and urges this Court to rule on such separately. These claims are all procedurally barred. These claims of omission of counsel were the subject of the nonfinal rule 3.850 summary order. However, Benjamin briefed issues which were the subject of the final denial and did not argue each summarily denied ground with specificity on collateral appeal.  Therefore, they are waived and defaulted,, as was his claim of omission regarding the matter of a continuance (subclaim one of ground two of the federal petition), on independent and state procedural grounds. Benjamin does

not make the required showing to lift the state bars to permit AEDPA review of the decision thereon.

Even if reached, the state decision on each component of his ground was objectively reasonable under either Strickland's prongs. In subpart A of subclaim two of ground two of the federal petition, Benjamin claims his trial counsel did not have any idea what the state witnesses would say and could not properly cross-examine officer Nalven, whose testimony recounted events which were "impossible." Dkt. 1 at 10(c) More particularly, he labels as untrue the officer's testimony that he got a look at the suspect [during pursuit], whom he identified as Benjamin.   According to Benjamin, his counsel could have impeached the officer by using pictures and diagrams to show location of buildings, and objects in yards, that would have made it impossible to see the suspect during foot pursuit. He proposes his counsel could have shown, through such evidence, that the officer's deduction he could have entered only two apartments was untrue. Dkt. 1 at 10(d)) In denying Benjamin's second rule 3.850 summarily, the postconviction court held, in pertinent part:

### Claim Two - Ineffective Assistance of Counsel

At page 7 of his Motion, Defendant contends that counsel was ineffective in failing to investigate the scene of the crime and present photographic evidence of the area.

Defendant suggests that photographic evidence would demonstrate that based on the placement of buildings and other objects in the neighborhood where the foot pursuit took place that Deputy Nalven would not have been able to obtain a detailed description of Defendant.

However, Deputy Nalven testified that he viewed the driver on three separate occasions and was actively attempting to obtain his description throughout the pursuit. He twice viewed the driver of the car through an open

window. During the second time, he viewed the driver from 15 - 20 yards during the car chase providing a detailed description of his clothing. When the driver got out of his vehicle, he again was able to view the driver expounding on the prior description of the clothes worn by the suspect. *[See Exhibit C: Excerpt of Trial Testimony, pp. 105, 107 - 108, 113; 115 - 117*]. Further, the description matched the clothes with Defendant. *[see Exhibit C at pp. 125 - 128*]. Deputy Nalven's identification was subject to a vigorous crossexamination by defense counsel *[see Exhibit C at pp. 136 - 1500]*. As any photographs of the scene would not override Deputy Nalven's testimony, there is no reasonable probability that the trial's outcome would have been different.

. . . .

Defendant further suggests that photographic evidence would show that there were many routes that the suspect could have taken. Even if this is correct, demonstrative exhibits would not demonstrate Defendant's allegation that Deputy Nalven lied about deducing that the suspect could have entered only two apartments. The deputy's deduction was supported by an eyewitness who saw a man run into an apartment. *[see Exhibit C at pp. 119 - 120]*. Furthermore, on cross-examination, counsel addressed this issue. *[see Exhibit C at pp. 153 - 154]*. As demonstrative evidence would not provide a reasonable probability that the outcome at trial would have been different, this claim is denied.

. . . .

Benjamin merely promotes his version of the facts in conclusory fashion. His allegations do not point to specific objective facts which would show, even if proven that use of the photographic or demonstrative evidence would have credibly undercut the testimony of the officer regarding his observations or information at the time. The claim need not be addressed on the deficiency prong, however, because even if counsel had performed as proposed, neither his speculation nor his self-serving allegations suffice to show that there was any reasonable probability of a different outcome.

In subpart B of subclaim two of ground two of the federal petition, Benjamin, pointing to ground four of the instant federal petition, asserts that the officer testified falsely that a

man who came from the YMCA was a resident of the apartment duplex where Benjamin

was found. He claims the officer never spoke to a resident at the apartment complex, and

then asserts, confusingly, his counsel did not find the unidentified resident to substantiate

the officer's assertion. Dkt. 1 at 10(e). In denying this claim summarily, the postconviction

court found, in relevant part:

### Claim Three - Ineffective Assistance of Counsel

In the middle of paragraph C on page 8 of his Motion, Defendant contends that counsel was ineffective in failing to investigate the identity of the witness who claimed that the suspect escaped into the duplex where defendant was found.

Defendant has failed to demonstrate that had counsel attempted to locate the witness that he would have been successful nor how going to trial without this unknown witness's testimony would have assisted Defendant. The State does not need this witness's testimony to substantiate Deputy Nalven's testimony. Further, any testimony this witness may give is conjecture and speculative since his or her identify is unknown and therefore, does not support a claim of ineffective assistance of counsel. This claim is denied.

. . . .

This claim amounts to no more than speculation. The mere fact that other witnesses

might have been available or that other testimony might have be elicited from those who

testified is not a sufficient ground to prove ineffective assistance. Foster v. Dugger, 823

F.2d 402, 406 (11th Cir. 1987), cert. denied, 487 U.S. 1241 (1988).

Benjamin does not set forth a sufficient basis to show actual prejudice. Even if

counsel had pursued the identity of the person, Benjamin does not show such person

would have been located and further, that such person would have presented testimony

that have undercut the officer's testimony. Because he does not allege specific facts

showing there was any reasonable probability of a different outcome, it is objectively reasonable to deny this claim on <u>Strickland</u>'s prejudice prong.

In subpart C of subclaim two of ground two of the federal petition, Benjamin labels as false,  the testimony of the officer who indicated the owner of the car belonged to a family member of Benjamin's. According to Benjamin, the jury could infer from this testimony he was in possession of the vehicle. In denying his fourth rule 3.850 claim summarily, the postconviction court held, in relevant part:

### Claim Four - Ineffective Assistance of Counsel

At last paragraph on page 8 of his Motion, Defendant contends that counsel was ineffective in cross-examining  Deputy Nalven. He states that the deputy falsely stated that the owner of the car he identified Defendant as driving was related to Defendant and that had counsel investigated, he would have been able to challenge this statement.

A review of the record reveals that the deputy never testified that the owner of the car was related to Defendant. The only testimony regarding the registered owner is that the owner was female. *[see Exhibit C at p. 137]*. As the record conclusively refutes the claims, this claim is denied.

. . . .

Benjamin does not overcome the presumption of correctness of the state court's factual determinations based on the state record. 28 U.S.C. § 2254(e)(1). In any case, the claim fails upon application of <u>Strickland</u>'s prejudice prong. His guilt did not turn on the matter of ownership of the vehicle, and Benjamin does not show that there was any reasonable probability of a different outcome had counsel engaged in the proposed impeachment.

In subpart D of subclaim two of ground two, Benjamin assails as false the testimony of the officer indicating an apartment dweller told him no one was supposed to be inside

the apartment. Had counsel investigated, Benjamin asserts, he would have learned

Benjamin was at home in his "legal" residence at the time he was placed in custody. Dkt.

1 at 10(f). The postconviction court in denying Benjamin's fifth rule 3.850 claim summarily

held, in pertinent part:

### Claim Five - Ineffective Assistance of Counsel

At page 9 of his Motion, Defendant asserts that counsel was ineffective in failing to elicit on cross-examination of Dep. Nalven that Defendant was [sic] the duplex where Defendant was found was the legal residence of Defendant. Even if Defendant was a residence [sic] of the duplex, there is no reasonable probability that had this been elicited, if the witness even would have been aware of this, that the outcome at trial would have been different since the vital issue at trial was Deputy Nalven's identification of Defendant as the driver. Therefore, this claim is denied.

. . . .

This claim can also be denied on either prong of <u>Strickland</u>. Benjamin asserts his

version of the facts. He does not show that counsel overlooked any material facts relevant

to the chosen defense of misidentification or Benjamin's arrest.

In subpart E of subclaim two of ground two of the federal petition, Benjamin claims

his trial counsel was ineffective for not cross-examining deputy Tarsitano, who entered the

apartment and found him in bed. Benjamin faults his counsel for not eliciting Benjamin's

version of his statements to the deputy. The postconviction court denied his sixth rule 3.850

claim summarily:

### Claim Six - Ineffective Assistance of Counsel

At page 9 of his Motion, Defendant contends that counsel was ineffective in failing to investigate, depose, and cross-examine Deputy Tarsitano about Defendant's statements. Even if counsel did question Deputy Tarsitano regarding Defendant's explanation of his whereabouts that day, these statements would have no appreciable effect on the testimony of

Deputy Nalven's identification of Defendant as the driver. As Defendant elected not to testify, the jury would not have been able to evaluate and weigh Defendant's credibility over that of Deputy Nalven. *[see Exhibit C at pp. 171 - 174]*. Furthermore, Deputy Tarsitano's testimony that Defendant was "extremely sweaty and breathing very heavily" supported Deputy's Nalven's testimony that Defendant was not sleeping. *[see Exhibit C at pp. 125 - 129; 165 - 166]*. This claim is denied.

. . . .

Benjamin's allegations do not overcome the strong presumption that counsel's performance relative to Benjamin's apprehension and any statements offered at the time was in the exercise of reasonable professional judgment. The deficiency prong need not be addressed, however, as Benjamin does not show that any statements he made would have undercut the testimony of officer Nalven in any material and credible regard. It is objectively reasonable to conclude his allegations do not suffice to show that even if counsel had performed as proposed, there was any reasonable probability of a different outcome.

In subclaim three of ground two of the federal petition, Benjamin faults his counsel for not filing a motion to suppress based on the theory his arrest was illegal. Labeling as false officer Nalven's testimony a deputy had radioed that a person was seen running in an apartment, Benjamin contends there was no consent nor exigent circumstances for police entry into the residence in which Benjamin asserts he resided with his sister and her boyfriend. Dkt. 1 at 10(i).

In subclaim four of ground two of the federal petition, Benjamin faults his trial counsel for not interviewing his sister and her boyfriend. Benjamin predicts they would have testified truthfully they did not give an officer a key and when they left, the residence was locked and Benjamin was inside. Dkt. 1 at 10(k).

Benjamin, failed to develop these claims at the state trial court evidentiary hearing.

At the conclusion of the evidentiary proceedings, the state trial court found as follows:

> THE COURT: . . . The considerations that I have to look at is number one, none of this started as a result of anything an attorney did wrong. These people decided to dump their public defender at the last minute.
>
> The case was set for trial, and to hire new counsel, he testified and nobody refuted that, that he had the file. He went over the file, the public defender's file. Depositions were taken in this file. So he knew what the perspective [sic] witnesses were going to testify to.
>
> He – if he was told, and there is a dispute on that testimony that at the last minute there might be witnesses available. He certainly had a right to think that the State – the public defender would know about these witnesses, and would have done something to get these witnesses ready.
>
> There was nothing in the file to indicate these witnesses had anything material to testify to. And, as a matter of fact, Witness Neal's testimony was that he consented to the search of his house. And so he had every right to rely on the public defender's file as the file which was going to be ready for trial for him.
>
> And I don't see where he did anything that would classify him as ineffective. The fact of the matter is, he tied the jury up for three and-a-half hours in the evening. That shows that he must have been pretty effective in a case like this. So I don't think that – I think it would be, at best, an injustice to the taxpayers of the State of Florida to call this man ineffective and grant a new trial. That's what I think. Denied.
>
> . . . .

Resp. Exh. 6 V 2 R 263-264. Benjamin has not overcome the presumption of correctness

of the state court's factual determinations in rejecting his claims  28 U. S. C. § 2254(e)(1).

Counsel's testimony reflects that he was familiar with Benjamin's file.   His review of

discovery material bore out an informed assessment there was a consensual entry into the

apartment where Benjamin was located, and Benjamin had not said he wanted counsel to

call Sharon Smith. Resp. Ex. 6, V 2 R 218-223. It is objectively reasonable to conclude,

based on counsel's testimony, that counsel had not overlooked any available information that would have called into serious question the validity of Benjamin's arrest.

Even if counsel had performed as proposed, Benjamin does not show that the state trial court would have granted his proposed suppression motion. Moreover, such would not have foreclosed the state from prosecuting him for the aggravated assault. In view of the officer's pre-arrest observations of the driver who twice swerved at the officer, any success with regard to the proposed suppression motion would not have precluded the officer's identifying Benjamin at trial as that driver.

In subclaim five of ground two of the federal petition, Benjamin faults his counsel for not seeking an instruction on reckless driving, which he contends was a permissive lesser included offense of aggravated assault on a law enforcement officer. In subclaim six of ground two, Benjamin faults his counsel for not seeking an instruction on attempted aggravated assault. These claims were summarily denied by the state trial court as follows:

### Claim Nine - Ineffective Assistance of Counsel

At page 16 and 19 of his Motion, Defendant contends that counsel was ineffective in failing to request permissive lesser-included offenses. Specifically, he states that the jury should have been instructed on reckless driving and attempted aggravated assault as a permissive lesser-included offense of aggravated assault on a law enforcement officer.

This claim is not cognizable in a post-conviction motion seeking relief since the Court would have to speculate as to what the jury would have done if the instruction were given. See Sanders v. State, 28 Fla. L. Weekly D842 (Fla. 1st DCA March 31, 2003).

Even so, Defendant has failed to demonstrate that, even if counsel was deficient, that any suspected deficiency has not "put the whole case in such a different light to undermine the court's confidence in the outcome of the proceeding." Sanders; Strickland at 687. The jury was given the opportunity to "pardon" Defendant as the jury was instructed on aggravated

assault, assault on a law enforcement officer, and assault, all-lesser included offenses of aggravated assault on a law enforcement officer and declined to find Defendant guilty of a lesser-included. *[see Exhibit D: Jury Verdict Forms]*. This claim is denied.

. . . .

Even if reached, the state decision resulted in a reasonable application of <u>Strickland</u>. Benjamin's federal petition does not overcome the strong presumption that his counsel exercised reasonable professional judgment regarding lesser offenses. <u>See Williams v. Head</u>, 185 F.3d 1223, 1228 (11th Cir. 1999)(an ambiguous or silent record is not sufficient to disprove the strong and continuing presumption of effective representation with regard to counsel's performance). This Court need not resolve whether the offenses Benjamin argues are permissive lesser offenses, as Benjamin maintains, under state law and were alleged and shown by the evidence to allow instruction. This is because, even if such qualify as a permitted lesser based on the evidence, at least one reasonably competent attorney could conclude an instruction on the "lessers" given, and in particular, simple assault, sufficed to allow the jury to exercise its "pardon power" in Benjamin's case.

Benjamin's ground can be denied under <u>Strickland</u>'s prejudice prong without addressing the deficiency prong. Although Benjamin envisions a verdict of guilt of the proposed lesser offenses, his theory of prejudice is illusory. His jury was given an opportunity to "pardon" Benjamin of the charged offense by a finding of guilt of aggravated assault, a third degree felony, assault on a law enforcement officer, a first degree

misdemeanor,[5] and the second degree misdemeanor offense of simple assault.[6] In view of the jury's rejection of offenses of equal or lesser degree than the offenses of attempted aggravated assault and misdemeanor reckless driving, it is objectively reasonable to conclude Benjamin cannot show actual prejudice from his counsel's not seeking an instruction on the proposed permissive lesser offenses. See e.g., Firsher v. State, 834 So.2d 921, 923 (Fla. 3rd DCA)(holding that defendant convicted of attempted second degree murder was not prejudiced by counsel's failure to request instruction on lesser offense of attempted manslaughter and thus did not receive ineffective assistance, where jury was given opportunity to exercise pardon power by convicting him of aggravated battery with firearm, also second degree felony), review denied, 859 So.2d 514 (Fla. 2003) [table].

Finally, Benjamin raises a cumulative impact claim, based on the total of his various claims of omission of his trial counsel. No Supreme Court authority recognizes "cumulative error" as a separate violation of the Constitution or as a separate ground for habeas relief. See Lorraine v. Coyle, 291 F.3d 416, 447 (6th Cir.)("The Supreme Court has not held that distinct constitutional claims can be cumulated to grant habeas relief."), amended on other grounds, 307 F.3d 459 (6th Cir. 2002), cert. denied, 123 S. Ct. 1621 (2003).

The state trial court denied Benjamin's rule 3.850 claim raising cumulative omission after the evidentiary hearing, pointing out that the claims on which this ground was based

---

[5] Section 784.07(2), Fla. Statutes.

[6] See e.g., Pridgen v. State, 595 So. 2d 1119 (Fla. 1st DCA 1992) (simple assault is a second-degree misdemeanor, which is enhanced to aggravated assault, a third-degree felony, if committed with a deadly weapon without intent to kill).

-26-

were denied. Even if reached, the state decision on Benjamin's cumulative impact claim passes AEDPA muster under either of Strickland's prongs. None of the claims bundled into one satisfies both prongs of Strickland, and conducting a cumulative impact analysis cannot secure for Benjamin a different result. E.g., Spears v. Mullin, 343 F.3d 1215, 1251 (10th Cir. 2003)(Because "the sum of various zeroes remains zero," the claimed prejudicial effect of the trial attorneys' cumulative errors did not warrant habeas relief). It is objectively reasonable to conclude that singularly or cumulatively, the allegations of proposed deficient conduct summarily denied or upon evidentiary probe do not meet Strickland's deficiency prong, and would not have, within a reasonable probability, affected the outcome of his case.

Accordingly, the Court orders:

That Benjamin's petition is dismissed, with prejudice. The Clerk is directed to enter judgment against Benjamin and to close this case.

IT IS FURTHER ORDERED that petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). Id. "A [COA] may issue ⋯ only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To make such a showing, petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to

proceed further, ' " <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 335-36 (2003) (quoting <u>Barefoot v. Estelle</u>, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

ORDERED at Tampa, Florida, on July 10, 2006.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

USCA
Counsel of Record
Michael Benjamin